**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**PRESTON G. DEMOUCHETTE (#90331)**                          **CIVIL ACTION**

**VERSUS**

**JAMES LEBLANC, ET AL.**                                    **NO. 08-0678-JVP-DLD**

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on March 18, 2009.

**MAGISTRATE JUDGE DOCIA L. DALBY**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**PRESTON G. DEMOUCHETTE (#90331)**                              **CIVIL ACTION**

**VERSUS**

**JAMES LEBLANC, ET AL.**                                        **NO. 08-0678-JVP-DLD**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on the Order directing the plaintiff to pay the full amount of the Court's filing fee. Rec.doc.no. 4.

On January 21, 2009, pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g), this Court denied the plaintiff's motion to proceed in forma pauperis and ordered the plaintiff to pay, within twenty (20) days, the full amount of the Court's filing fee. Rec.doc.no. 4. The plaintiff was placed on notice that failure to comply with the Court's Order in this regard "shall result in the dismissal of the plaintiff's action without further notice from the Court." Id.

In accordance with 28 U.S.C. § 1915, all prisoners granted in forma pauperis status are required to pay the full amount of the Court's filing fee. This statute further provides that, with one exception, not here applicable, an inmate may make the required payment over time in incremental installments. However, such incremental payments are not allowed, and pauper status shall be denied, where the inmate has filed, on at least three prior occasions, actions or appeals which have been dismissed as baseless. Specifically:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In the instant case, the plaintiff has, on three or more prior occasions while incarcerated, brought actions or appeals which have been dismissed as frivolous or for failure to state a claim.[1] Accordingly, pursuant to Adepegba v. Hammons, 103 F.3d 383 (5th Cir. 1996), this Court entered an Order directing the plaintiff to pay the full amount of the Court's filing fee. A review of the record now reflects that the plaintiff has failed to comply with the Court's Order in this regard. Accordingly, this action should be dismissed for failure of the plaintiff to pay the Court's filing fee as ordered.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that this action be dismissed, without prejudice, for failure of the plaintiff to pay the Court's filing fee.

Signed in Baton Rouge, Louisiana, on March 18, 2009.

**MAGISTRATE JUDGE DOCIA L. DALBY**

---

[1] Cases or appeals filed by the plaintiff which have been dismissed by the federal courts as frivolous or for failure to state a claim include, but are not limited to, Preston George Demouchet, Jr. v. Ronald Bonvillian, et al., No. 96-CV-7332-B (M.D. La.); Preston George Demouchet, Jr. v. Bernard E. Boudreaux, et al., No. 98-CV-1063 (W.D. La.); and Preston George Demouchette, Jr. v. Richard L. Stalder, et al., No. 99-CV-0419 (W.D. La.).